Record remitted.

---

# William Bates, Plff. in Err., *v.* W. P. Wynn, For the Use of G. B. Webber.

A purchaser of land who retains a portion of the purchase money to se-

NOTE.—In Harper v. Hays, 18 Pittsb. L. J. 180, under similar facts, the same ruling was made. These cases are to be distinguished from those in which the contract provides for deferred payments, no provision being made

cure the removal of encumbrances by the vendor is, in the absence of agreement as to the interest, liable for the interest on the amount so retained.

(Argued May 26, 1887.   Decided October 3, 1887.)

July Term, 1887, No. 93, E. D., before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.   Error to the Common Pleas of Warren County to review a judgment for the plaintiff on demurrer to the defendant's plea in an action of scire facias to revive a judgment.   Affirmed.

The facts as alleged in the plea and admitted by the demurrer are stated in the opinion of the court below, which was as follows:

Defendant Bates purchased of the legal plaintiff real estate. Deed was made and possession taken.   The judgment on which sci. fa. is issued was for the balance of purchase money, and was due June 1, 1880.

The defendant's plea, as amended, alleged that the amount due on this judgment, or rather the principal thereof, should not draw interest from the time it fell due until about the 5th of March, 1884.   This is based upon the averment that at the time of the purchase of the land there were certain charges and encumbrances thereon (as we understand about equal to the amount of this judgment), and that it was agreed that defendant Bates should retain sufficient of the purchase money to protect him from such charges and encumbrances.   The plea avers a legal tender of payment of the principal of the judgment on or about the 5th of March, 1884, and a demand for a removal of the encumbrances; that on the 10th of October, 1885, the encumbrances, etc., having been removed, the principal of the judgment, $761, was paid to plaintiff with costs.

The only question raised by the plea and amendment thereto is whether the facts alleged therein, taken as true, exempt the defendant Bates from the interest on the judgment from June 1, 1880, to March, 1884,—the plaintiff's attorney on the argument only claiming the interest from that time.

We are of the opinion that the facts alleged cannot avail the

for interest.   In such case it is not chargeable.   Sankey v. Kerr, 25 Pittsb. L. J. 171; Minard v. Beans, 64 Pa. 411; Nettleton v. Caryl, 3 Lack. Legal News, 207.   See also Fleming's Estate, 184 Pa. 80, 39 Atl. 27; Booth v. Pittsburgh, 154 Pa. 482, 25 Atl. 803.

defendant. The position is analogous to the cases found in the books where a court of equity interposes to protect a defendant from liens on land he has purchased, and in which the courts hold that it is inequitable that the vendee of land should hold both land, and the price, and compensate for neither. Minard v. Beans, 64 Pa. 414; M'Cormick v. Crall, 6 Watts, 207; Kester v. Rockel, 2 Watts & S. 365.

That the plaintiff here had agreed that defendant might retain the money to protect himself from the liens, etc., we think makes no difference. This seems to have been distinctly ruled in the case of Shaller v. Brand, 6 Binn. 435, 6 Am. Dec. 482, in which case it was expressly agreed that no execution should issue until the plaintiff had perfected title to the land which was the consideration of the judgment, but nevertheless the supreme court held the debt liable for interest during the time the title remained unperfected.

There is a marked difference between a judgment, the payment of which is conditioned on the removal of encumbrances or the perfecting of title, and an absolute judgment, the collection of which cannot be presently enforced by reason of a stipulation of the parties for stay of execution.

February 14, 1887, judgment, in favor of the plaintiff on the demurrer to the plea, is directed to be entered against the defendant for the sum of $171.72, and costs.

The assignments of error specified the judgment.

*D. I. Ball* and *C. C. Thompson,* for plaintiff in error.—Interest is the sum agreed upon for the use of money, or it is the compensation allowed by law where the payment of money is wrongfully withheld after it ought to be paid. Brown v. Campbell, 1 Serg. & R. 176; King v. Diehl, 9 Serg. & R. 409, 422; Easton Bank v. Com. 10 Pa. 453; Koons v. Miller, 3 Watts & S. 271.

Two things must necessarily pre-exist to raise the duty on part of the debtor to pay interest,—*viz.,* the ascertainment of the amount to be paid, and its maturity. Kelsey v. Murphy, 30 Pa. 341; Minard v. Beans, 64 Pa. 413; West Republic Min. Co. v. Jones, 108 Pa. 69.

In cases of articles of agreement, long past due, where the purchaser was in possession of the premises, he has been allowed to defend against the payment of interest, or the question was referred to the jury. Fasholt v. Reed, 16 Serg. & R. 266; M'Cor-

mick v. Crall, 6 Watts, 207; Kester v. Rockel, 2 Watts & S. 371.

A contract is to be enforced according to its terms. Nelson v. Von Bonnhorst, 29 Pa. 352; White v. Smith, 33 Pa. 186, 75 Am. Dec. 589.

*Johnson, Lindsey, & Parmlee,* for defendant in error.—The sole question is whether the purchaser of an improved farm, who went into immediate possession and enjoyed the use and profits of the farm, should pay interest on the balance of the purchase money due, and withheld by him, to protect himself against encumbrances, by agreement with the vendor.

Where lands are sold on articles of agreement, and the buyer enters into possession, and so continues undisturbed, he must pay interest; and the mere fact that his deed was not made at the time agreed upon does not stop the interest. Fasholt v. Reed, 16 Serg. & R. 266.

It would be grossly inequitable that the vendee should hold both land and money and compensate for neither. There is an obligation to pay interest, although the purchase money is not recoverable. Minard v. Beans, 64 Pa. 411.

PER CURIAM:

The judgment in this case is affirmed, for reasons given in the opinion of the learned judge of the court below.